94

THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RA-
MÓN A. CABRERA OSORIO, Defendant and Appellant.

No. 19.    Decided December 8, 1961.

*Ángel Viera Martínez* for appellant.   *J. B. Fernández Badillo,
Solicitor General,* and *Arturo Estrella, Deputy Solicitor
General,* for The People.

Division composed of Mr. Chief Justice Negrón Fernández, Mr.
Justice Blanco Lugo, and Mr. Justice Dávila.

PER CURIAM.

Appellant was driving an automobile shortly after mid-
night along road No. 2 in the stretch between the Constitu-
tion Bridge and the crematory.   The police noticed that ap-

pellant's car was going zigzag and saw when he made a U-turn, suddenly changing direction toward Santurce and then stopped right in the middle of the road. The police drove up to the car and asked the driver for his papers and general information pursuant to law. Defendant alighted from the car and could hardly talk or stand straight and he staggered. In addition to a strong odor of liquor, appellant admitted to the police that he had taken a few drinks. He refused to have his blood tested but he agreed to a chemical analysis of urine.

Appellant was arrested for driving while intoxicated. The district court convicted him and he appealed to the superior court who affirmed the judgment. He maintains that when he was detained he was not committing any offense and that since the arrest was unlawful, everything that arose thereafter is inadmissible against him. He also alleges that the identity of the sample examined by the chemist and as to which he testified at the trial was not established, that it was not shown that the sample was taken within the two-hour period from the arrest as provided by law nor that all the necessary precautions were taken when taking the sample. Likewise, he alleges that the sample was taken at the behest of a judge and not of a peace officer, as required by law, and that neither the defendant nor his representative were present at the chemical analysis.

In addition to the foregoing he maintains that the district court committed error in deciding the petition for amendments to the statement of the case without hearing the appellant.

■ As far as the unlawfulness of the arrest is concerned, appellant is incorrect. The police was entitled to stop him and request his driver's license. *People* v. *Sánchez*, 83 P.R.R. 393 (1961), Act No. 279 of April 5, 1946, § 7, 9 L.P.R.A. § 177 (*n*).

■ We find it unnecessary to consider the question raised by appellant concerning the urine samples. We consider it

unnecessary because the facts found proved by the judge who presided the hearing of the case and which we have set forth at the beginning of this opinion are sufficient to uphold the conclusion that appellant was driving a motor vehicle on a public road while intoxicated.

It having been established by the testimony of the policeman that the defendant was driving a vehicle while intoxicated, nothing new was added by the evidence of the chemical analysis of the urine to which he was submitted. Act No. 279 of April 5, 1946, § 13, 9 L.P.R.A. § 183 (Supp. 1959). *People* v. *Cavallero*, 2 Cal. Rptr. 687 (1960), and *People* v. *Wyner*, 142 N.Y.Supp.2d 393 (1955).

We turn now to consider the errors assigned to the presiding judge that a hearing was not held to consider the amendments proposed by the appellant to the statement of the case.

Rule 5 on appeals from the district court to the superior court, 4 L.P.R.A. App. III, Rule 5, provides that "The parties may present objections to the summary made by the judge within ten (10) days after the Secretary notifies them of the filing thereof. If a transcript of the evidence is filed, the judge shall within ten (10) days hear the parties before approving the transcript." As we have already noticed, the rule does not require a hearing in order to enable the judge sitting at the hearing to decide whether or not the amendments to the summary suggested by the appellant were proper. The hearing is only required for the discussion and approval of the transcript.

Now, since the proposed amendments appear on the brief before us, we are in a position to determine that appellant would not have derived any benefit if the judge had agreed to incorporate his suggestion into the summary.

In view of our disposition of the case the amendments would not affect the result, except for appellant's pretension that the judge should determine that defendant was not driv-

ing the car in zigzags, contrary to what he had already set forth. But appellant did not object to the finding of fact which appears in the statement of the case to the effect that "the defendant could hardly talk and upon examination there was a strong odor of liquor on his breath and when he alighted from the car he was unable to stand straight and he staggered." Thus, even if that part of the statement of the case in which the judge determined that the accused was driving in zigzags had been eliminated, there would still remain the facts copied above which clearly show that defendant was intoxicated while driving the automobile.

The judgment will be affirmed.